# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

CHARLES ROBERT HOBSON,       )
                                )
             Petitioner,      )
                                )
v.                                    )       **Case No. 19-CV-0065-TCK-JFJ**
                                )
RICK WHITTEN,            )
                                )
             Respondent.      )

## OPINION AND ORDER

Petitioner Charles Hobson, a state prisoner appearing pro se, commenced this action on January 19, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) and a supporting brief (Dkt. # 2).[1]  He paid the requisite filing fee on February 4, 2019.  Dkt. # 4.  On preliminary review, the Court finds the habeas petition is subject to being dismissed because the claims are either unexhausted or procedurally defaulted and, in addition, the petition appears to be time-barred.  Within thirty (30) days of the entry of this order, Petitioner shall show cause in writing why his habeas petition should not be dismissed for failure to exhaust state remedies and/or as time-barred.

## *BACKGROUND*

Petitioner brings this action to challenge the revocation of the suspended sentence he received in 2004 following his conviction in the District Court of Nowata County, Case No. CF-2003-116,

---

[1]      The Clerk of Court received the habeas petition and supporting brief on February 4, 2019. Dkt. ##1, 2.  But Petitioner states, under penalty of perjury, that he placed these documents in his facility's legal mail system on January 19, 2019, with postage prepaid. Dkt. # 2, at 27. Thus, with the benefit of the prison mailbox rule, the petition and supporting brief are deemed filed on January 19, 2019. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005); FED. R. APP. P. 4(c).

for first degree rape. Dkt. # 1 at 1-2; Dkt. # 2, at 5. He alleges that he was released from the custody of the Oklahoma Department of Corrections on March 26, 2010, after serving the prison portion of his split sentence. Dkt. # 2, at 5. Petitioner served a thirty-day jail sentence in 2011 for a probation violation. *Id.* Then, in 2014, the State charged Petitioner in the District Court of Washington County, Case No. CF-2014-478, with felony failure to register as a sex offender. *Id.* The State subsequently filed a motion, on May 28, 2015, in the Nowata County District Court case, seeking to revoke Petitioner's suspended sentence in Case No. CF-2003-116 based on his arrest and new charge. *Id.* Following a hearing on August 19, 2015, the state district court found that Petitioner violated the terms of his suspended sentence. *Id.* The court revoked his suspended sentence and ordered him to serve the remaining 13 years and 174 days of his original sentence in prison. *Id.* In March 2016, the State filed a motion in Washington County District Court seeking dismissal of the charge in Case No. CF-2014-478, and the state district court granted the motion. *Id.* at 5, 18.

Petitioner alleges that, thereafter, he "made various attempts to appeal the revocation to Nowata County District Court, with no success as none of Petitioner's filing were ever responded to." Dkt. # 2, at 6. Exhibits attached to Petitioner's brief reflect that he filed the following pro se post-revocation motions in state district court: (1) a motion for suspended sentence, filed June 16, 2016, *id.* at 22; (2) a second motion for sentence modification, filed August 4, 2016, *id.* at 21; (3) a motion for appeal out of time, filed June 12, 2017, *id.* at 20; (4) a petition for writ of habeas corpus, filed December 18, 2017, *id.* at 19; (5) an application for waiver of costs and fines, filed January 4,

2018, *id.* at 24; and (6) a petition for writ of mandamus, filed February 12, 2018, *id.* at 23.[2]  In the

writ of mandamus Petitioner requested a "response to all previous and current filings submitted by

Petitioner starting from June 16, 2016 to present."  Dkt. # 2, at 6.  The state district court issued six

written orders on April 27, 2018, denying Petitioner's motions.  *Id.* at 19-24.

Petitioner filed a notice of intent to appeal on May 7, 2018.  Dkt. # 2, at 6.[3]  Petitioner states

in the instant habeas petition that he presented two issues to the Oklahoma Court of Criminal

Appeals (OCCA):  (1) ineffective assistance of counsel, and (2) "revocation of probation is not part

of the criminal prosecution/due process."[4]  Dkt. # 1, at 3.  By order filed November 7, 2018, the

OCCA dismissed Petitioner's appeal for "fail[ing] to ensure a proper record has been filed" in

accordance with state procedural rules.  Dkt. # 1, at 3-4; Dkt. # 2, at 6, 25-26 (copy of OCCA's

dismissal order).  In the dismissal order, the OCCA described Petitioner's attempted appeal as one

challenging the "orders of the District Court of Nowata County, filed April 19, 2018, denying or

---

[2]     Petitioner states in his brief that he filed the petition for writ of mandamus on February 12, 2018.  Dkt. # 2, at 6.  But the state district court order attached as Exhibit F states that the writ of mandamus was filed on December 18, 2017.  *Id.* at 23.  The Court takes judicial notice of the public docket sheet in Nowata County District Court Case No. CF-2003-116, available online through the Oklahoma State Courts Network (OSCN), which reflects that the petition for writ of mandamus was filed on February 12, 2018.  *State v. Hobson*, No. CF-2003-116, Docket Sheet, available at http://www.oscn.net, last visited February 7, 2019; *see United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting courts may take judicial notice of publicly-filed court records).

[3]     Petitioner states in his brief that he filed the notice of intent to appeal on May 3, 2018.  Dkt. # 2, at 6.  The public docket sheet reflects a filing date of May 7, 2018.  *State v. Hobson*, No. CF-2003-116, Docket Sheet, available at http://www.oscn.net, last visited February 7, 2019.

[4]     In quoting material from the petition and supporting brief, the Court does not adopt Petitioner's use of all capital letters.

3

overruling Petitioner's motions, petitions, applications, and writs filed in Case No. CF-2003-116."

Dkt. # 2, at 25.

Petitioner filed the instant federal habeas petition on January 19, 2019. Dkt. # 2, at 27; *see*

*supra* n.1. He seeks habeas relief on two grounds and provides the following supporting facts:

Ground One: Petitioner's counsel failed to provide effective assistance of counsel contrary to the Sixth Amendment to the United States Constitution and the Oklahoma Constitution Article II Section Seven
Petitioner claims that counsel appointed him Mark Schantz a public defender, failed to speak or advise Petitioner throughout the proceedings of revocation hearing. Counsel made no effort to suggest alternative sanction or punishment. Counsel basically stood mute and allowed prosecution to recommend a harsher sentence. Counsel failed to inform the court that a dismissed case was the basis for the revocation. Petitioner was found guilty and case was revoked.

Ground Two: Revocation of probation is not part of the criminal prosecution, it entails the loss of liberty, and minimum due process must therefore be accorded probationer
Petitioner claims that due process rights to effective assistance of counsel and the ability to confront witnesses or present competent evidence were denied to petitioner, choices made by counsel deprived Petitioner a fair hearing which resulted in prejudice and loss of liberty to Petitioner and incarceration.

Dkt. # 1, at 6-8. Petitioner alleges that he presented both of these claims to the OCCA in Case No.

PC-2018-538. *Id.* at 7-10.

### *ANALYSIS*

District courts must "promptly examine" a habeas petition and dismiss the petition "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief

in the district court." Rule 4, *Rules Governing Section 2254 Cases in the United States District*

*Courts* (Habeas Rule 4). However, before summarily dismissing a habeas petition on its own

initiative, the district court must afford the petitioner "fair notice and an opportunity to present [his]

position[]." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *see also Allen v. Zavaras*, 568 F.3d 1197, 1203 (10th Cir. 2009) (noting district court correctly applied *Day* by providing petitioner an opportunity to respond before *sua sponte* dismissing habeas petition on exhaustion grounds).

As stated, Petitioner asserts two claims in his habeas petition: (1) that he received ineffective assistance of counsel during his 2015 revocation hearing and (2) that he was deprived of procedural due process during his 2015 revocation hearing. Dkt. # 1, at 6-8; Dkt. # 2, at 7, 12. Because both claims challenge the execution of his sentence, rather than the validity of his conviction or original sentence, the Court finds that the § 2254 habeas petition should be construed as one seeking relief under § 2241.[5] *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017) ("A state prisoner's challenge to the revocation of a suspended sentence is properly brought under § 2241 based on our circuit precedent."). However, regardless of how it is construed, the Court finds that the habeas petition is subject to being dismissed for three reasons.

## 1.    Exhaustion

First, Petitioner failed to properly exhaust available state remedies as to either claim raised in the petition. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017), *cert. denied* 138 S. Ct. 978 (Feb. 20, 2018); *see* 28 U.S.C. § 2254(b). To exhaust a claim, a state prisoner must have "fairly presented" his or federal claim to the state courts. *Picard v. Conner*, 404 U.S. 270, 275-76 (1971).

---

[5]    Although the Court will construe the petition as one seeking relief under § 2241, the Court will apply Habeas Rule 4, as well as any other applicable Rules governing § 2254 cases. *See Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (noting that district courts have discretion to apply § 2254 Habeas Rules in adjudicating § 2241 petitions); Rule 1(b), *Rules Governing Section 2254 Cases in the United States District Courts*.

This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Here, both of Petitioner's claims rest on alleged constitutional violations that occurred at his revocation hearing on August 19, 2015. Under Oklahoma law, "[a]ny order of the court revoking [a] suspended sentence, in whole or in part, shall be subject to review on appeal, as in other appeals of criminal cases." OKLA. STAT. tit. 22, § 991b(F). Petitioner acknowledges as much in his supporting brief. Dkt. # 2, at 12-13. The time to appeal from an order revoking a suspended sentence "commences upon imposition of the order revoking [the] suspended sentence." Rule 1.2(D)(4), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019). And, as in other criminal cases, a defendant seeking direct review of a revocation order has 10 days "from the date the [Order of Revocation of Suspended Sentence] is imposed in open court" to file a notice of intent to appeal. Rule 2.1(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019). Yet, nothing in the habeas petition or the attached exhibits demonstrate that Petitioner followed the State's established appellate review process.

In his supporting brief, Petitioner alleges "his ability to appeal or to file a Notice of Intent to Appeal was denied in the Nowata County Jail" immediately following his August 19, 2015, hearing because he was "quickly transported to Lexington on August 20, 2015." Dkt. # 2, at 14. He further alleges that his efforts to seek relief from the Nowata County District Court were hindered by the state district court's "refusals to respond" to his motions. *Id.* at 15. Based on these allegations, he contends that he "was unable to proceed in seeking relief through no fault of his own." *Id.* Petitioner's allegations and supporting documents suggest that the state district court did not

promptly respond to his post-revocation motions. Dkt. # 2, at 6, 19-24. However, the record also reflects that Petitioner did not attempt to file any post-revocation motions in the Nowata County District Court until June 16, 2016—nearly one year after the state district court issued its order revoking his suspended sentence. Dkt. # 2, at 6, 22. On that date, and again on August 4, 2016, it appears the only relief Petitioner sought was review or modification of his sentence. *Id.* at 21-22. Further, Petitioner did not file a motion for leave to file an out of time appeal until June 12, 2017—nearly two years after his revocation hearing. *Id.* at 20. On the record presented, the Court does not find support for Petitioner's contention that he was deprived of a timely appeal from the order revoking his suspended sentence.

Because Petitioner did not comply with established state procedural rules for obtaining direct review of the order revoking his suspended sentence, and the present record does not support his contention that he was unable to do so through no fault of his own, his claims are subject to being dismissed for failure to exhaust.

## 2.    Procedural default

Second, to the extent Petitioner may argue that he exhausted his habeas claims by presenting them to the OCCA in the appeal he attempted to perfect in May 2018, the Court finds that Petitioner procedurally defaulted his claims in state court. "[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). A state procedural rule "is independent if it is separate and distinct from federal law," and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998) (quoting *Hathorn v. Lovorn*, 457 U.S.

255, 263 (1982)). Petitioner acknowledges that the OCCA dismissed his appeal on procedural grounds. *See* Dkt. # 2, at 6-7 (stating that his "case was not reviewed and dismissed for procedural cause and again denied review by the courts"); *see also id.* at 25-26 (OCCA order dismissing appeal "[b]ecause Petitioner has failed to ensure a proper record has been filed," as required by various state court procedural rules). Thus, even if this Court could view the appeal in May 2018 as an attempt to exhaust the claims raised in the instant federal habeas petition, it is plainly apparent that the OCCA rejected those claims on independent and adequate state procedural grounds. Thus, the Court finds that Petitioner procedurally defaulted his claims in state court.

### 3.    Timeliness

Third and finally, both claims appear to be time-barred. State prisoners have one year from one of four specified dates to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1)(A)-(D). The one-year period is tolled during the pendency of a state application for post-conviction relief or other collateral review that is "properly filed" within the one-year period. *Id.* § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Because Oklahoma law permits defendants to file a direct appeal from an order revoking a suspended sentence, Petitioner's one-year period commenced on August 28, 2015, when the time to file a direct appeal expired, and ended on August 28, 2016. *See* 28 U.S.C. § 2244(d)(1)(A). As discussed, Petitioner filed at least two motions in state district court before his one-year period expired: a motion for suspended sentence, filed June 16, 2016, and a motion for sentence modification, filed August 4, 2016. Dkt. # 2, at 21-22. The state district court did not rule on those motions until April 27, 2018. *Id.* Petitioner then filed what appears to be a timely appeal from those

orders. Dkt. # 2, at 25-26. Assuming the first motion, filed on June 16, 2016, was a "properly filed" motion seeking collateral review of the pertinent judgment or claim,[6] Petitioner stopped his one-year clock after 294 days had passed. *See* 28 U.S.C. § 2244(d)(2). The OCCA dismissed Petitioner's appeal on November 7, 2018. Dkt. # 2, at 25. Thus, the one-year period began to run the next day, with 71 days remaining, resulting in a filing deadline of January 17, 2019. Even with the benefit statutory tolling and the prison mailbox rule, Petitioner filed his federal habeas petition two days beyond that deadline, on January 19, 2019. Thus, the petition is also subject to being dismissed as time-barred under § 2244(d)(1)(A).

**4.    Opportunity to respond**

For the reasons just discussed, the Court finds it plainly apparent that the habeas petition is subject to being dismissed on three grounds: (1) Petitioner failed to properly exhaust his claims, (2) Petitioner procedurally defaulted his claims in state court, and (3) the habeas petition, and both claims raised therein, are time-barred.

Ordinarily to enforce the exhaustion requirement, "a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006)), *cert. denied sub nom. Grant v. Carpenter*, 2019 WL 177713 (Jan. 14, 2019). "However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Id.* at 892 (quoting *Smallwood v. Gibson*, 191 F.3d 1257, 1267

---

[6]    Petitioner did not attach the motion to his petition or supporting brief. And the state district court order denying the motion offers no insight as to the specific relief Petitioner sought through that motion. Dkt. # 2, at 22.

(10th Cir. 1999)). Rather, under the doctrine of anticipatory procedural bar,[7] those unexhausted claims that the state court would find procedurally barred are deemed procedurally defaulted for purposes of habeas review. *Id.*

To overcome a procedural default, a petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).[8] The "cause and prejudice" standard "requir[es] proof of both cause *and* prejudice." *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) (emphasis in original). To satisfy the cause component, a petitioner must "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of external factors may include the discovery of new evidence, a change in the law, and interference by state officials. *Id.* However, a petitioner generally cannot rely on pro se status, ignorance of the law, or lack of formal legal training to establish cause. *Klein*, 45 F.3d at 1400. To satisfy the prejudice component, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). For a petitioner who cannot show both "cause and prejudice," the only alternative is to prove that

---

[7]     "'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (quoting *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002)).

[8]     The petitioner must make these showings to overcome a procedural default regardless of whether the state court imposed a procedural bar or the federal court imposed an anticipatory procedural bar. *Moore*, 288 F.3d at 1233 n.3.

a "fundamental miscarriage of justice," will occur absent federal court review of the petitioner's habeas claims. *Coleman*, 501 U.S. at 750.

A petitioner must make similar showings to overcome the time bar. Because the AEDPA's statute of limitations is not jurisdictional, the untimeliness of a habeas petition may be excused for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or upon "a credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Within thirty (30) days of the entry of this Order, Petitioner shall file a written response brief addressing (1) why his petition should not be dismissed for failure to exhaust state remedies, (2) whether he can overcome the procedural default of his claims, and (3) whether he can overcome his failure to comply with the AEDPA's one-year statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. The petition is subject to being dismissed because the claims raised therein are unexhausted, procedurally defaulted, and/or time-barred.

2. Within thirty (30) days of the entry of this order, Petitioner shall file a written response brief addressing (1) why his petition should not be dismissed for failure to exhaust state remedies,

(2) whether he can overcome the procedural default of his claims, and (3) whether he can overcome his failure to comply with the AEDPA's one-year statute of limitations.

3. Should Petitioner fail to file a written response by the above-referenced deadline, the Court will enter an Order dismissing the petition for the reasons stated herein.

**DATED** this 12th day of February, 2019.

TERENCE C. KERN
United States District Judge