# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES ROBERT HOBSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 19-CV-0065-TCK-JFJ |
| | ) |
| RICK WHITTEN, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a habeas corpus action. In an Opinion and Order filed February 12, 2019 (Dkt. # 5), the Court found that the habeas petition is subject to being dismissed as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations and, alternatively, because Petitioner procedurally defaulted his habeas claims. The Court provided Petitioner 30 days to file a written response demonstrating why the petition should not be dismissed. Dkt. # 5, at 11-12. Petitioner filed a timely response (Dkt. # 8) on March 11, 2019. For the reasons stated in this Court's prior Opinion and Order, and for the reasons that follow, the Court finds the habeas petition shall be dismissed.

**I.**

Petitioner brings this action to challenge the revocation of the suspended sentence he received in 2004 following his conviction in the District Court of Nowata County, Case No. CF-2003-116, for first degree rape. Dkt. # 1 at 1-2; Dkt. # 2, at 5. In 2014, the State charged Petitioner in the District Court of Washington County, Case No. CF-2014-478, with felony failure to register as a sex offender. Dkt. # 2, at 5. Following a hearing on August 19, 2015, the Nowata County District Court found, based on the new felony charge in the Washington County case, that Petitioner violated the terms of his suspended sentence in the Nowata County case. *Id*. The court thus revoked

his suspended sentence and ordered him to serve the remaining 13 years and 174 days of his original sentence in prison. *Id.* Petitioner did not file a direct appeal to challenge the order revoking his suspended sentence.

In March 2016, the State filed a motion in Washington County District Court seeking dismissal of the charge in Case No. CF-2014-478, and the state district court granted the motion. Dkt. # 2, at 5, 18. Thereafter, Petitioner "made various attempts to appeal the revocation to Nowata County District Court, with no success as none of Petitioner's filing were ever responded to." Dkt. # 2, at 6. The record reflects that Petitioner filed the following pro se post-revocation motions in Nowata County District Court: (1) a motion for suspended sentence, filed June 16, 2016, *id.* at 22; (2) a second motion for sentence modification, filed August 4, 2016, *id.* at 21; (3) a motion for appeal out of time, filed June 12, 2017, *id.* at 20; (4) a petition for writ of habeas corpus, filed December 18, 2017, *id.* at 19; (5) an application for waiver of costs and fines, filed January 4, 2018, *id.* at 24; and (6) a petition for writ of mandamus, filed February 12, 2018, *id.* at 6, 23. In the petition for writ of mandamus, Petitioner requested a "response to all previous and current filings submitted by Petitioner starting from June 16, 2016 to present." Dkt. # 2, at 6. The state district court issued six written orders on April 27, 2018, denying Petitioner's motions. *Id.* at 19-24.

Petitioner timely filed a notice of intent to appeal from the state district court's orders denying his various motions and applications. Dkt. # 2, at 6, 25. By order filed November 7, 2018, the OCCA dismissed Petitioner's appeal for "fail[ing] to ensure a proper record has been filed" in accordance with state procedural rules. Dkt. # 1, at 3-4; Dkt. # 2, at 6, 25-26 (copy of OCCA's dismissal order).

Petitioner filed the instant federal habeas petition on January 19, 2019. Dkt. # 2, at 27; *see* Dkt. # 5, at 1 n.1 (applying prison mailbox rule to deem petition filed January 19, 2019). He claims he is entitled to federal habeas relief because (1) he received ineffective assistance of counsel during his 2015 revocation hearing, in violation of the Sixth Amendment, and (2) he was denied his constitutional right to procedural due process during the 2015 revocation hearing. Dkt. # 1, at 6-8.[1] Petitioner alleges that he presented both of these claims to the OCCA in Case No. PC-2018-538. *Id.* at 7-10.

## II.

In its prior Opinion and Order, the Court found (1) that Petitioner's habeas claims were subject to being dismissed under the doctrine of anticipatory procedural bar because Petitioner failed to properly exhaust available state remedies as to either claim, *see* Dkt. # 5, at 5-7, (2) that, to the extent Petitioner attempted to exhaust his claims by presenting them to the OCCA in Case No. PC-2018-538, both claims were subject to being dismissed as procedurally defaulted because the OCCA dismissed his appeal on independent and adequate state procedural grounds, *see id.* at 7-8, and (3) that the petition was subject to being dismissed as time-barred because Petitioner failed to comply with the AEDPA's one-year statute of limitations, *see id.* at 8-9.

The Court provided Petitioner an opportunity to demonstrate whether he could make the showings necessary to overcome the untimeliness of the petition and the procedural default of his

---

[1] In its prior Opinion and Order, the Court determined that the habeas petition should be construed as one seeking relief under § 2241 because both claims challenge the execution of his sentence, rather than the validity of his conviction or sentence. Dkt. # 5, at 5; *see Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017) ("A state prisoner's challenge to the revocation of a suspended sentence is properly brought under § 2241 based on our circuit precedent.").

3

claims. As stated in the prior Opinion and Order, the untimeliness of a habeas petition may be excused for equitable reasons, *Holland v. Florida*, 560 U.S. 631, 645 (2010), or upon "a credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To obtain equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" that requires the petitioner "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

To overcome a procedural default, a petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Grant v. Royal*, 886 F.3d 874, 892 (10th Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)), *cert. denied sub nom. Grant v. Carpenter*, 139 S. Ct. 925 (2019). The "cause and prejudice" standard "requir[es] proof of both cause *and* prejudice." *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) (emphasis in original). To satisfy the cause component, a petitioner must "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of external factors may include the discovery of new evidence, a change in the law, and interference by state officials. *Id.* However, a petitioner generally cannot rely on his status as a pro se litigant, his ignorance of the law, or his lack of formal legal training to establish cause. *Klein*, 45 F.3d at 1400. To satisfy the prejudice component, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." *United*

4

*States v. Frady*, 456 U.S. 152, 168 (1982). For a petitioner who cannot show both "cause and prejudice," the only alternative is to prove that a "fundamental miscarriage of justice," will occur absent federal court review of the petitioner's habeas claims. *Coleman*, 501 U.S. at 750.

## III.

Petitioner urges this Court not to dismiss his petition for three reasons. However, for the reasons that follow, the Court finds Petitioner cannot make the requisite showings to avoid dismissal.

**A.     State district court's failure to respond**

First, Petitioner faults the Nowata County District Court for the untimeliness of his petition and for the procedural default of his federal claims. Dkt. # 8, at 4-5, 7-8, 15-16. Specifically, he alleges that "he has consistently attempted to appeal the revocation of his suspended sentence" but repeatedly received "no responses" from the Nowata County District Court with respect to his motions and applications and his requests for documents. *Id.* at 4-5, 7-8. He contends "all of [his] motions, applications and inquiries as to status of any of the above were ignored and unanswered by the Nowata [County] District Court." *Id.* at 7-8. He further contends that his failure to provide a record for the appeal that was dismissed by the OCCA resulted from the Nowata County District Court's failure to respond to his request for documents. *Id.* at 5, 12-13, 17. He urges this Court to find that he did not procedurally default his claims and contends that "he has done all that he can do to exhaust his remedies and to adhere as closely to proper procedure as he was able." *Id.* at 8.

The record, however, does not support Petitioner's argument that the state district court hindered his ability to appeal the sentencing revocation or his ability to file a timely habeas petition

5

by failing to respond to his post-revocation motions. Significantly, any delays caused by the state district court's failure to timely respond to Petitioner's post-revocation motions do not establish "cause" for the procedural default of his claims because Petitioner failed to properly exhaust his claims well before he filed any post-revocation motions in Nowata County District Court. As discussed in this Court's prior Opinion and Order, Oklahoma law provides that "[a]ny order of the court revoking a suspended sentence, in whole or in part, shall be subject to review on appeal, as in other appeals of criminal cases." OKLA. STAT. tit. 22, § 991b(F). Under Oklahoma law, Petitioner had 10 days from the date of the order revoking his suspended sentence to file a timely notice of appeal. *See* Rules 1.2(D)(4) & 2.1(B), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019). Because Petitioner did not seek any form of post-revocation relief until June 16, 2016, well after his statutory-appeal period expired, any delays caused by the state district court's failure to respond to his post-revocation motions do not constitute "cause" for the procedural default of his claims. And Petitioner offers no other convincing explanation as to why he could not have filed a timely notice of appeal following his revocation hearing.[2] Under these circumstances, the Court cannot find support for Petitioner's assertions that he "consistently attempted to appeal

---

[2] In his supporting brief, Petitioner asserts that "his ability to appeal or to file a Notice of Intent to Appeal was denied in the Nowata County Jail" following the August 19, 2015 revocation hearing because he was "quickly transported to Lexington on August 20, 2015." Dkt. # 2, at 14. Even granting that Petitioner lost one day of his statutory-appeal period due to his transport to state prison, he fails to explain why he could not have filed a notice of intent to appeal within the remaining nine days of that time period.

the revocation of his suspended sentence" and "has done all that he can to exhaust his remedies and to adhere as closely to proper procedure as he was able." Dkt. # 8, at 5, 8.[3]

As for the time bar, the Court previously determined that Petitioner's one-year limitation period commenced on August 28, 2015, and, absent any tolling events, would have expired on August 26, 2016. Dkt. # 5, at 8. And, in calculating the timeliness of the petition, the Court accounted for any delays attributable to the state district court's failure to promptly rule on Petitioner's numerous post-revocation motions by applying § 2244(d)(2)'s statutory tolling provision from June 16, 2016, when Petitioner filed his first post-revocation motion, through November 7, 2018, when the OCCA dismissed his appeal. *See* Dkt. # 5, at 8-9. Thus, Petitioner cannot rely on the state district court's failure to timely rule on his post-revocation motions to excuse the untimeliness of his federal habeas petition. Moreover, Petitioner allowed 294 days of his one-year federal statute of limitations to pass before he filed his first post-conviction motion in state district court on June 16, 2016. Petitioner cannot fault the state district court for any delays during those first 294 days of his one-year period because he did not seek relief from the state district court

---

[3] Even assuming that the Nowata County District Court hindered Petitioner's ability to perfect his appeal from the denial of his post-revocation motions by failing to respond to his request for documents, the Court is not convinced that the OCCA would have considered the merits of Petitioner's two federal habeas claims (1) challenging counsel's ineffectiveness at the revocation hearing and (2) alleging the hearing did not comport with due process. The OCCA routinely applies a procedural bar to claims that were or could have been raised in a direct appeal. *See, e.g.*, *Hallmark v. Martin*, 112 F. Supp. 2d 1122, 1128-29 (discussing the OCCA's application of its "waiver rule" and its interpretation of OKLA. STAT. tit. 22, § 1086 with respect to claims not raised in the first instance on either direct appeal or in a first application for post-conviction relief). Notably, a federal court ordinarily should not deem a claim exhausted "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered" because "[r]aising the claim in such a fashion does not . . . constitute 'fair presentation'" for purposes of the AEDPA's exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

during that time period. For these reasons, Petitioner cannot establish the requisite due diligence to show that he is entitled to additional equitable tolling of the one-year period based on the state district court's failure to promptly respond to his post-revocation motions.

B.  **Common incidents of incarceration**

Second, Petitioner generally complains that he was hindered in his ability to exhaust his claims and file a timely federal habeas petition because he (1) is incarcerated (2) is a pro se litigant with limited knowledge of the law and of how to conduct research, (3) has limited access to the law library, (4) is held in a prison facility that experiences a high rate of employee turnover, (5) has been subjected to prison lock downs, one of which lasted for three weeks,[4] and (6) faced delays in filing the habeas petition due to prison officials' slow response to his request for disbursement of the $5 filing fee and a "postage deficiency." Dkt. # 8, at 5-6, 9-10, 13, 15.

These common incidents of incarceration generally do not constitute extraordinary circumstances for purposes of equitable tolling or establish the requisite "cause" to overcome a procedural default of a state prisoner's federal claims. *See*, *e.g.*, *Porter v. Allbaugh*, 672 F. App'x

---

[4] Petitioner specifically states that the "James Crabtree Correctional Center was on lockdown for approximately three weeks," limiting his access to the law library. Dkt. # 8, at 6. Petitioner does not specify when this lock down occurred or how his lack of access to the law library during three weeks of his one-year filing period prevented him from filing a timely federal habeas application. *Id.* As previously discussed, the record demonstrates that Petitioner took no actions to exhaust his federal claims during the first 294 days of his one-year period. Even assuming he was subjected to a three-week lock down, and, further assuming that lock down was extraordinary, the Court cannot say Petitioner exercised due diligence in pursuing his federal claims. *See, e.g.*, *Dill v. Workman*, 288 F. App'x 454, 457 (10th Cir. 2008) (unpublished) (rejecting request for equitable tolling based on findings that 74-day prison lock down was not extraordinary and petitioner failed to explain his delay in filing habeas petition after lock down ended).

851, 857 (10th Cir. 2016) (unpublished)[5] (rejecting petitioner's argument that "*general* difficulties in obtaining trial transcripts and in accessing the prison law library" warranted equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting well-established rule that "ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing" (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the [state] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."); *Klein*, 45 F.3d at 1400 (noting that habeas petitioner generally cannot establish "cause" for procedural default based on pro se status, ignorance of the law, or lack of formal legal training).

Moreover, even if the Court could consider Petitioner's cited circumstances as "extraordinary," neither the record nor Petitioner's arguments supports that Petitioner exercised due diligence in pursuing his federal claims. Petitioner procedurally defaulted his habeas claims almost immediately after his revocation hearing by failing to file a direct appeal within the 10-day period provided under Oklahoma law. He then permitted 294 days of his one-year federal filing period to expire before filing any post-revocation motions in the state district court. And, with the benefit of statutory tolling, Petitioner had 71 days following the OCCA's dismissal of his appeal to file a timely federal habeas petition. He failed to do so. Even assuming Petitioner's alleged three-week prison lock down occurred during his remaining 71 days and delayed the disbursement of his federal filing fee, the Court is not persuaded that Petitioner was incapable of filing a timely habeas petition.

---

[5] The Court cites this decision, and other unpublished decisions herein, for persuasive value only. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A)

In short, Petitioner is not entitled to equitable tolling because he fails to show either (1) that he exercised due diligence in attempting to exhaust his federal claims or (2) that extraordinary circumstances prevented him from doing so. *See Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016) (" Under Holland, a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" (quoting *Holland*, 560 U.S. at 649)). In any event, even if the Court were inclined to apply equitable tolling to permit Petitioner to overcome the fact that he filed his petition two days late, which the Court is not inclined to do, Petitioner's cited circumstances are insufficient to establish cause to overcome the procedural default of his claims.

**C.     Mental health status**

Third, Petitioner contends "his abilities to seek relief previously and to the present were affected by the medications he has and remains taking. . . . due to [his] long and well documented mental health status being prescribed psychtropic [sic] medications that affect regular thinking process." Dkt. # 8, at 11. Petitioner provides no further details or documentation to support his claim that his mental health prevented him from complying with state procedural rules or from filing a timely federal habeas petition. As a general rule, to obtain equitable tolling on the basis of mental health status, a petitioner must "show that he had been institutionalized for mental incapacity, judged incompetent, or not capable of pursuing his own claim during the period in which he needed to file his [federal habeas] application." *Alvarado v. Smith*, 713 F. App'x 739, 743 (10th Cir. 2017) (unpublished); *see also Biester v. Midwest Health Servs.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (indicating that equitable tolling on the basis of mental incapacity is available only when a petitioner

10

demonstrates the existence of "exceptional circumstances"). The record does not reflect, and Petitioner's general assertions do not show, that exceptional circumstances relating to his mental health status warrant equitable tolling in this case or establish cause for his procedural default.

## IV.

Based on the foregoing, the Court concludes that the habeas petition is time-barred and that Petitioner has not made the requisite showings to overcome the time bar. In addition, Petitioner has not made the showings necessary to overcome the procedural default of his federal claims. The Court therefore dismisses the petition for writ of habeas corpus, with prejudice, on the alternative grounds that (1) the petition is time-barred and (2) the claims raised therein are procedurally defaulted. Further, because the Court concludes that reasonable jurists would not debate its procedural rulings, the Court denies a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(C); Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*.

**ACCORDINGLY, IT IS HEREBY ORDERED that**:

1. The habeas petition (Dkt. # 1) is **dismissed with prejudice** as time-barred.

2. Alternatively, the habeas petition (Dkt. # 1) is **dismissed with prejudice** because Petitioner procedural defaulted his federal claims.

3. A certificate of appealability is **denied**.

4. A separate judgment shall issue herewith.

**DATED** this 17th day of April, 2019.

TERENCE C. KERN
United States District Judge